BYRD PRINTING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14902. Promulgated January 25, 1929.

*George T. Adams, Esq.,* and *Frank J. Albus, Esq.,* for the petitioner.

*L. A. Luce, Esq.,* for the respondent.

OPINION.

TRUSSELL: The issue is whether Byrd was indebted to petitioner for the amounts withdrawn by him from time to time.

The evidence shows that for several years Byrd withdrew from petitioner at various times, sums of money which were used by him for investments in real estate. Petitioner considered the said withdrawals as loans by it to Byrd, which were charged to his account and carried on petitioner's books as an asset in the form of an account receivable. Byrd held only two shares of petitioner's stock, and as such stockholder he was not entitled to take the funds in question as dividends or distributions of profits. Byrd acknowledged his indebtedness to petitioner for the said withdrawals; knew that petitioner's financial statements and capital-stock-tax returns included the account receivable as an asset at face value; made cash payments to petitioner from time to time, which were credited to his account, and in the early part of 1922 he settled the entire indebtedness at 100 cents on the dollar. During the year 1921 and prior thereto Byrd's net worth, exclusive of his investment in petitioner, greatly exceeded his indebtedness to petitioner and the account receivable constituted an asset of petitioner at its face value.

Upon all the facts and circumstances of record we are of the opinion that the account receivable represented a bona fide indebtedness in the amount of $129,938.34 and constituted an asset which should be included in petitioner's invested capital at face value for the year 1921. Cf. *Comey & Johnson Co.*, 8 B. T. A. 52; *C. L. Whiting, Inc.*, 7 B. T. A. 1170; *Ruckman Coal Co.*, 5 B. T. A. 534.

*Judgment will be entered pursuant to Rule 50.*